# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Oscar Rivera,<br><br>    Defendant | Case No.: 2:18-cr-00300-JAD-VCF<br><br>**Order Denying Motion to Reduce Sentence**<br><br>[ECF No. 130] |

Oscar Rivera pled guilty to one charge of conspiracy to distribute methamphetamine, and I sentenced him to 60 months in custody followed by 5 years of supervised release.[1] Rivera moves for a two-point reduction in his sentence in reliance on recently proposed amendments to the sentencing guidelines, or alternatively a stay of his motion pending Congress's approval of the amendments.[2] The government opposes Rivera's motion, arguing that Rivera does not qualify for a reduction under § 4C1.1 because he is not a zero-point offender.[3] Because Rivera's criminal-history category is too high to qualify for a two-level reduction under the anticipated guideline amendments, I deny his motion.

## Discussion

A court may reduce a defendant's sentence if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[1] ECF No. 111.
[2] ECF No. 130.
[3] ECF No. 132.

Commission."[4]  The Sentencing Commission submitted criminal-history amendments to Congress in May 2023.[5]  Under proposed § 4C1.1, a defendant with zero criminal-history points whose offense did not involve specific aggravating factors may receive a two-level decrease in his offense level.[6]  The commission based this change on its recidivism studies that show that offenders with zero criminal-history points have lower recidivism rates.[7]  If Congress does not alter or deny the proposed amendments, they will take effect on November 1, 2023, and courts may apply them retroactively.[8]

Rivera argues that he has zero to one criminal-history points and deserves a sentence reduction based on the anticipated amendment.[9]  But the government correctly points out that, in fact, Rivera has two criminal-history points.  So he won't qualify for a reduction under § 4C1.1, and delaying a ruling on his motion until November would be futile.[10]  Because Rivera is not a zero- or one-point offender, I deny his motion with prejudice.

---

[4] 18 U.S.C. § 3582(c)(2).

[5] Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254 (proposed May 3, 2023).

[6] *Id*. at 28273.

[7] *Id*.; *see also* U.S. Sent'g Comm'n, *Recidivism of Federal Offenders Released in 2010* (2021), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210930_Recidivism.pdf.

[8] Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28254 (proposed May 3, 2023).

[9] ECF No. 130.

[10] ECF No. 132; These two criminal-history points are reflected in Rivera's presentence investigation report at ¶ 55–56.

**Conclusion**

IT IS THEREFORE ORDERED that Rivera's motion for a sentencing reduction based on the anticipated change in the Sentencing Guidelines **[ECF No. 130]** is **DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
September 19, 2023